CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
cflynn@armstrongteasdale.com
malarie@armstrongteasdale.com

*Attorneys for Defendant*
*Esurance Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ROSALIND SEARCY,<br><br>                   Plaintiff,<br><br>vs.<br><br>ESURANCE INSURANCE COMPANY, and<br>DOES I through X, inclusive; and ROE<br>CORPORATIONS I through X, inclusive,<br><br>                   Defendants. | Case No.:<br><br>**DEFENDANT'S NOTICE OF<br>REMOVAL TO THE UNITED<br>STATES DISTRICT COURT FOR<br>THE DISTRICT OF NEVADA** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, Defendant Esurance Insurance Company ("Defendant" or "Esurance"), by and through its attorneys of record, the law firm of Armstrong Teasdale LLP, hereby files this Notice of Removal of the above-captioned case pending in the Eighth Judicial District Court of the State of Nevada as Case No. A-14-710717-C (the "Lawsuit").  This Court has diversity jurisdiction under 28 U.S.C. § 1332.   In support of removal, Esurance states as follows:

## PROCEDURAL HISTORY

On December 4, 2014, the Lawsuit was commenced by the filing of a Complaint in the Eighth Judicial District Court of the State of Nevada, styled *Rosalind Searcy vs. Esurance Insurance*

*Company,* and bearing Case No. A-14-710717-C.  On December 12, 2014, a copy of the Summons and Complaint were served on Defendant via the Commissioner of Insurance.  A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**.

## ALLEGATIONS OF THE COMPLAINT

This dispute arises out of alleged claims handling under a personal automobile insurance policy issued by Esurance to Plaintiff Rosalind Searcy (hereinafter "Plaintiff").  Plaintiff alleges that on August 2, 2012, she was injured when her vehicle was rear-ended by a third-party.  Compl. at ¶ 6.  Plaintiff alleges that she was entitled to underinsured motorist benefits in the amount of $50,000, which was the limit under her policy.  *Id.* at ¶¶ 5, 8.  Plaintiff alleges that Esurance's refusal to pay her the full policy limit caused her to have to commence a lawsuit to recover the full policy limits to which she was entitled.  *Id.* at ¶¶ 7-9.

On December 4, 2014, Plaintiff filed suit against Esurance in state court alleging that Esurance breached the implied covenant of good faith and fair dealing, breached its fiduciary duties, and violated the Nevada Unfair Claim Practices Act in its handling of her claim.  Plaintiff requests compensatory damages, punitive damages, attorney's fees, and costs.  Compl. at ¶¶ 3-22.

## BASIS FOR REMOVAL

This action is within the original jurisdiction of this Court, and removal is therefore proper under 28 U.S.C. § 1332, which grants district courts original jurisdiction over actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.  As set forth below, this action satisfies each of the requirements.

### A.     The Parties are Diverse.

Diversity of citizenship under 28 U.S.C. § 1332(a)(1) requires that the parties be "citizens of different states."  Esurance is a California corporation with its principal place of business in California.  Therefore, Esurance is a citizen of California for purposes of diversity jurisdiction.  Upon information and belief, Plaintiff is a citizen of Nevada.  Plaintiff asserts in the complaint that "at all times relevant to the allegation contained in this complaint, [she] was a resident of Clark County, Nevada and resided therein at all material times."  *See* Compl. at ¶ 1.  Furthermore, although Plaintiff may have lived in Washington, D.C. for a short time following the motor vehicle collision,

it is Defendant's understanding that Plaintiff presently resides in Las Vegas, Nevada.  Plaintiff does not allege and there is no evidence suggesting that Plaintiff resides in or is a citizen of any other state.  Therefore, complete diversity exists between the parties.

### B.    The Amount In Controversy Exceeds $75,000.

To satisfy the removal requirement under 28 U.S.C. § 1332(a), the matter in controversy must "exceed the sum or value of $75,000, exclusive of interest and costs."  This amount is determined by aggregating all claims and applying a "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Notwithstanding, the amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Although Esurance denies the substantive merit of all claims and relief sought in the Complaint, Plaintiff's claims in this case put the controversy in this matter well over the $75,000 requirement.

To begin with, at the time the Summons and Complaint were served upon Esurance, Plaintiff served Esurance with an Offer of Judgment wherein Plaintiff offered to take judgment against Esurance in the amount of $75,000.  *See* **Exhibit B.**  Consequently, Plaintiff has assessed her damages to be at least $75,000 as Plaintiff must believe that she can obtain a judgment in this case that is more favorable than $75,000.  Moreover, since Defendant has rejected Plaintiff's offer of judgment by letting it lapse, the attorney's fees Plaintiff incurs in this suit after the rejection of the offer of judgment are now also part of the controversy in this case. *See, e.g.*, NRS 17.115; *see also* Exhibit B ("If this offer is not accepted within ten days, the Plaintiff shall seek recovery of attorney's fees and costs should a judgment be rendered in the above captioned case which is less favorable than the offer").

Moreover, as noted above, in the Complaint Plaintiff alleges three causes of action: (1) breach of the implied covenant of good faith and fair dealing; (2) breach of fiduciary duty; and (3) violation of Nevada Unfair Claims Practices Act, N.R.S. 686A.310.  Plaintiff alleges that Esurance failed to timely pay her the $50,000 benefits available under the policy, requiring that she commence and prosecute a lawsuit in order to recover such benefits.  Plaintiff also asserts that Esurance's

handling of this claim violated five different provisions of N.R.S. 686A.310.

Plaintiff has not itemized the amounts she seeks to recover in the instant lawsuit. However, in Nevada, juries have previously awarded extra-contractual tort damages many times in excess of the policy benefits. *See e.g., Albert H. Wohlers and Co. v. Bartgis*, 969 P.2d 949 (Nev. 1998) ($8,758 in contractual benefits at issue, but jury awarded $275,000 in extra-contractual damages); *Ainsworth v. Combined Insurance Co.*, 763 P.2d 673 (Nev. 1988) ($9,600 in medical benefits at issue and jury awarded $200,000 in tort damages). Moreover, N.R.S. 686A.310(2) allows plaintiffs to specifically recover any damages sustained as a result of an insurer's violation of their obligations under N.R.S. 686A.310(1)(a)-(p). Plaintiff requests compensatory damages "in excess of 10,000" for each of her causes of action, placing at a minimum $30,000 in controversy based on damages arising from the insurance bad faith, breach of fiduciary duty, violations of N.R.S. 686A.310.

In addition, though Esurance denies that there is any basis for an award of punitive damages in this case, Plaintiff seeks punitive damages for each of her claims, and has asked for an amount in "in excess of $10,000" in the prayer for relief. The Ninth Circuit has noted that "[i]t is well-established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Assuming Plaintiff seeks to recover $10,000 in punitive damages on each claim, this places another $30,000 in controversy.[1] Moreover, Plaintiff seeks attorneys' fees. Assuming Plaintiff is operating under a standard 33% contingency fee arrangement, Plaintiff would be seeking, at a minimum, $19,800 ($60,000 * .33) in attorneys' fees in this case. In light of the above, and considering that the amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability", see *Lewis*, 627 F.3d at 400, the amount "in controversy" in this action plainly is above $75,000, exclusive of interest and costs. Therefore, removal is proper.

### TIMELINESS OF REMOVAL

Plaintiff filed this Lawsuit in the Eighth Judicial District Court, Clark County, Nevada on

---

[1] It is also worth noting that punitive damage awards are often much greater than a 1:1 ratio to compensatory damages in Nevada. *See, e.g., Bartgis*, 114 Nev. at 1269, 969 P.2d at 962 (finding that a $3.75 million punitive damage award was appropriate with $275,000 in compensatory damages). Therefore, it is reasonable to assume that the Plaintiff is seeking at least $30,000 in punitive damages.

4

December 4, 2014.  Esurance was served with process via the Commissioner of Insurance on December 12, 2014.  This Notice of Removal is being filed on January 9, 2015.  Therefore, this Notice of Removal is timely filed within the 30-day period for removal.

### CONCLUSION

For all the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332.  Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.  Therefore, Esurance gives notice that the above-described action filed against it in the Eighth Judicial District Court of the State of Nevada, Case No. A-14-710717-C, is hereby removed to this Court.  Esurance has attached to this Notice of Removal copies of all process and pleadings filed with the state court prior to the filing of this Notice of Removal.  Esurance will concurrently file a copy of this Notice of Removal with the state court and serve a copy of this Notice of Removal upon Plaintiff's counsel of record.

DATED:  January 9, 2015

ARMSTRONG TEASDALE LLP

By:/s/*Conor P. Flynn*
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169

Attorneys for Defendant
Esurance Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January, 2015, the foregoing DEFENDANT'S NOTICE O F REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA was served on the party(ies) ☐ via electronic service pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures and/or ☒ by mailing a copy thereof, first class mail, postage prepaid, to:

James J. Ream, Esq.
333 North Rancho, Ste. 530
Las Vegas, NV 89106
Tel: 702-631-0031
Fax: 702-631-5480
jim@reamlaw.net

Counsel for Plaintiff Rosalind Searcy

*/s/Sheila A. Darling*
An employee of Armstrong Teasdale LLP