CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
cflynn@armstrongteasdale.com
malarie@armstrongteasdale.com

*Attorneys for Defendant*
*Esurance Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ROSALIND SEARCY,<br><br>        Plaintiff,<br><br>vs.<br><br>ESURANCE INSURANCE COMPANY, and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>        Defendants. | Case No.: 2:15-cv-00047-APG-NJK<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

This Stipulated Confidentiality and Protective Order ("Protective Order") is stipulated to by and between Plaintiff Rosalind Searcy ("Searcy") and Defendant Esurance Insurance Company ("Esurance"), by and among the undersigned counsel, acting for, on behalf of, and with the express authorizations and approval of Searcy and Esurance (each a "party" and, collectively, the "parties").

WHEREAS, Searcy has filed a lawsuit against her insurer, Esurance, regarding Esurance's handling of her first party insurance claim arising from an automobile collision on August 2, 2012. Searcy alleges causes of action against Esurance for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and breach of Nevada's Unfair Claims Practices Act, codified as N.R.S. 686A.310.  Esurance filed a Motion to Dismiss on February 6, 2015, which is fully briefed, and currently pending before the Court.

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

WHEREAS, the parties have an interest in preserving and maintaining the confidentiality of any confidential and/or proprietary business information from public view or dissemination.

NOW THEREFORE, the undersigned counsel, Searcy, and Esurance hereby stipulate and petition the Court:

A.   Definitions

1.   "Document," whether used in the singular or plural, means any document or electronically-stored information as set forth in the Federal Rules of Civil Procedure.

2.   "Designating Party" means a party or third-person who produces information in discovery that is deemed "Confidential" pursuant to this Order.

3.   "Confidential Information" means any information that is designated as such by a Designating Party.  Information may be designated "Confidential" only if the Designating Party has a good-faith basis for believing the information: (a) is confidential under federal or state law or regulations; or (b) contains sensitive personal, financial, or professional information that is generally unavailable to the public and that, if made available to the public, may be injurious to that party's personal, financial, or professional interests.

4.   "Filing Party" shall mean any party who seeks to file with the Court documents or other papers reflecting information designated as "Confidential Information."

5.   "Privilege" shall mean the attorney-client privilege, the attorney work-product doctrine, or any other legally-recognized privilege, doctrine, or protection that may apply to documents or information in this case.

B.   Use of Confidential Information

6.   All Confidential Information produced or exchanged in the course of this litigation shall be treated as confidential and shall be used solely for the prosecution and defense of this litigation and for no other purpose.  No Confidential Information shall be revealed, disclosed, or made available for inspection and copying to any person who is not permitted to see it pursuant to

the terms of this Order without express written consent of the Designating Party.  Before receiving access to any of the Confidential Information, each person described in subparagraphs 7(6) through (7)(10) shall execute an agreement to be fully bound by this Order in the form of Exhibit A, attached hereto.

7. Except as specifically provided for in this or subsequent Court orders, discovery materials designated "Confidential" or their contents shall not be revealed, disclosed, or otherwise made known to any persons, other than the following listed below.  The parties and their counsel agree that the Confidential Information provided under this Agreement shall only be used to investigate, analyze, defend, and resolve the claims asserted in the above-captioned lawsuit.

(1) Counsel of record in this action;

(2) Employees of counsel of record in this action;

(3) The Court;

(4) Court reporters employed in connection with this litigation;

(5) Special masters, settlement judges and/or mediators;

(6) Outside vendors who are necessary to assist counsel of record in this action in the preparation and trial of this action;

(7) Experts retained by counsel of record in this action;

(8) Deposition witnesses;

(9) Any person or entity to the extent required by operation of law, lawful subpoena, or court order; and

(10) Any other person with the consent, in writing, of all parties.

8. Every person given access to Confidential Information shall be advised that the information is being disclosed pursuant to and subject to the terms of this Order, and may not be disclosed other than pursuant to the terms thereof.

9. If any party intends to file with the Court or offer into evidence any document claimed to reflect Confidential Information, the Filing Party shall file a motion to seal in compliance with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir.

2006) and the Court's electronic filing procedures provided for in Rule 10-5(b) of the Local Rules of Practice of the United States District Court, District of Nevada, which provides that,

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.* The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositve motion must show good cause exists to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1179. Parties seeing to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. If the sole ground for a motion to seal is that the Designating Party has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the Designating Party at least seven day prior to filing the designated document. The Designating Party must then make a good faith determination if the relevant standard for sealing is met. To the extent the Designating Party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the Designating Party believes that relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the Designating Party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

---

[1] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the Designating Party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

10. Nothing in this Order prevents use or disclosure of Confidential Information beyond its terms if the Designating Party consents to such use or disclosure, or if the Court, after notice to all affected parties, orders such use or disclosure.

11. This Order does not in any way restrict a Designating Party's ability to use his or her own Confidential Information for any purpose.

12. Any non-party producing documents in this litigation may avail itself of the confidential treatment provided for in this Protective Order for its documents, information, or testimony by following the procedures provided herein. Any non-party that wishes to produce documents subject to this provision agrees to be bound by the terms and conditions of this Protective Order and agrees that any disputes or issues relating to the application, interpretation, or use of the Protective Order will be resolved in the United States District Court for the District of Nevada.

C.  Designating Confidential Material

13. This Order covers information or items that the disclosing party or non-party (hereinafter, "source") designates "CONFIDENTIAL." The designation "CONFIDENTIAL" shall be limited to information and items that the source in good faith believes is privileged, proprietary, commercially sensitive, invades an employee or third-party's rights to privacy, may be injurious to that party's personal, financial, or professional interests, or for similar reasons should otherwise be subject to "CONFIDENTIAL" treatment. If only a portion of the materials, documents, items, or oral or written communications qualify for protection, the Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify. Each party or non-party that designates information or items as confidential under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

14. Information and items that are in the public domain, including but not limited to documents presented at trial or other court proceedings publically and not under seal, may not be designated as "CONFIDENTIAL." This provision shall not apply to any document that is in the public domain as a result of violation of any stipulation or court order with respect to such document or any information included in such document.

15. Designation in conformity with this Order requires:

 (a) For documents, the Designating Party shall affix "CONFIDENTIAL" to each page of the document that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portions(s) by making an appropriate marking in the margins.

 (b) For testimony given at deposition, the Designating Party identify on the record, before the close of the deposition, all protected testimony.

 (c) For testimony given in other pretrial or trial proceedings, the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

 (d) For information produced in some other form other than documentary and for any other tangible items, the Designating Party affix "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored.

16. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

17. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

D. <u>Disputing Confidentiality Designations</u>

18. If any party objects to any "Confidential" designation, that party may, after making a good-faith effort to resolve such objection, move on reasonable notice for an order vacating the designation.  While such application is pending, the information shall continue to be treated as

Confidential pursuant to this Order. This paragraph is not intended to shift the burden of establishing confidentiality, which remains at all times on the Designating Party.

19. By agreeing to this stipulated confidentiality and protective order, it shall in no way be viewed as a concession by the Non-Designating Party that any document marked "CONFIDENTIAL" is confidential, nor shall this stipulation be deemed a waiver of any party's right to challenge the propriety of a "Confidential" designation.

20. The parties shall not be obligated to challenge the propriety of a "Confidential" designation within any set period after receiving the designated information.

E. Demands by Others for Confidential Information

21. If any other person, organization, or governmental entity demands by subpoena or other appropriate authority the production of any Confidential Information produced to it by another party, the party receiving such demand shall immediately notify the Designating Party of such demand. At its option, the Designating Party may elect to challenge the demand and assert any applicable protections, and shall notify the person, organization, or governmental entity of its challenge within such time as required by law or required by compliance with the demand. When such a challenge is made, the party who received the demand shall not produce any Confidential Information in the absence of consent by the Designating Party or an order by the issuing court compelling production.

F. End of Litigation

22. Absent written permission from the Designating Party or on further order of the Court, this Order shall continue to be binding throughout and after the conclusion of this litigation, including any settlements, appeals, and subsequent proceedings.

23. After this case is closed in the district court, the parties may seek the return of any documents they filed under seal.

24. Within ninety (90) days after final adjudication of this case, including appeals or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each Party shall either: (a) assemble and return all Confidential Information, including all copies thereof, to the Party that produced it; or (b) certify in writing that all such

information has been destroyed, provided, however, that any other party may seek to retain on a confidential basis any files or documents containing such material: (i) as long as necessary as may be required by statute, regulation, or rule; (ii) as long as necessary in order to satisfy obligations to insurers and to make insurance recoveries. A party who seeks to retain documents pursuant to subparagraph (b) hereunder shall promptly so advise the party requesting return or destruction of such documents of its intention. Any disputes concerning the applicability of this paragraph shall be resolved by this Court.

G.     <u>Miscellaneous</u>

25.    Agreeing to, producing, or receiving Confidential Information or otherwise complying with this Order shall not:

(a)    Prejudice the parties' rights to object to the production of documents they consider not subject to discovery;

(b)    Prejudice the parties' rights to object to the authenticity, relevance, or admissibility into evidence of any document, testimony, or other evidence;

(c)    Prevent the parties from agreeing to alter or waive any portion of this Order with respect to any particular piece of Confidential Information; or

(d)    Prevent any party from seeking from the Court a modification of this Order, including, but not limited to, additional protection with respect to the confidentiality of any information.

26.    In the event additional parties join or are joined in this litigation, they shall not have access to Confidential Information until the newly-joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Order.

27.    The Parties agree to be fully bound by this Order pending its entry by the Court, and any violation of this Order shall be subject to the same sanctions and penalties as if the Order has been entered.

28.    The production of material protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or protection ("Protected Material") does not waive, estop, or prevent the producing party from asserting any privilege or other ground for withholding such

Protected Material in the course of discovery in this case. The parties may make documents available for preliminary review or otherwise produce documents in this case with or without any pre-production, post-production, or other review for Protected Material, and neither conducting nor foregoing such review shall form a basis to prevent a party from asserting any privilege or other ground for withholding Protected Material as provided for in this Order.

29. A producing party shall have ninety (90) days after one of its counsel in this case becomes actually aware that a specific document containing arguably Protected Material has been produced in which to request its return; otherwise, any claim of protection for the Protected Material shall be deemed presumptively waived. All such requests to return Protected Material shall be in writing to lead counsel for all parties and shall identify the produced Protected Material by Bates range(s). A producing party's counsel shall be deemed to be actually aware that Protected Material was produced at the time the producing party's counsel is served with an exhibit list for trial that specifically lists the Protected Material. If a producing party timely requests the return of Protected Material, any party to which such material was produced shall, within seven (7) days after the request, delete the produced Protected Material and all data associated with such Protected Material (including images and metadata such as extracted text) from any database or document management system containing the Protected Material and associated data, return to the producing party any disk or other media containing Protected Material, return to the producing party or destroy all paper copies of Protected Material, request in writing that any third-party to whom the Protected Material was provided do the same, and provide a written certification to the producing party that the receiving party has followed such procedures. The receiving party has the responsibility to take reasonable steps to ensure that any third party to which it provided documents produced in this litigation which a producing party later claims are Protected Material are destroyed or returned as outlined in this paragraph. If the receiving party wishes to challenge the producing party's claim of protection as to the Protected Material, the receiving party may file a motion with this Court to compel production of such Protected Material.

30. The parties agree, and the Court hereby orders, that production of Protected Material cannot provide a basis for any third party to seek disclosure or production of the material viewed

based on waiver, abandonment, estoppel, prior disclosure, or any other theory, claim, or argument. The production of Protected Material shall not waive any claim of privilege or protection in any other federal or State proceeding.

31. This Protective Order may be executed in counterparts.

32. In the event any provision of this Protective Order shall be held to be illegal, unenforceable, or inoperative as a matter of law, the remaining provisions shall remain in full force and effect unless such construction shall substantially frustrate the purpose and intent of this Protective Order.

33. In the event of breach of this Protective Order, the parties expressly acknowledge that the non-breaching party shall be entitled to specific performance of the terms of this Protective Order or other injunctive relief.  The parties expressly stipulate, agree, and acknowledge that an unauthorized release of the Confidential Information, is a breach of this Protective Order, and that damages arising from such a breach are not adequately relieved through pecuniary compensation, are not reasonably quantifiable, and are immediately irreparable.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated this 3rd day of June, 2015 | Dated this 3rd day of June, 2015 |
| LAW OFFICE OF JAMES J. REAM | ARMSTRONG TEASDALE LLP |
| By: */s/ James J. Ream* | By: */s/ Michelle D. Alarie* |
|     James J. Ream, Esq.<br>    Nevada Bar No. 3573<br>    333 N. Rancho, #530<br>    Las Vegas, Nevada  89106 |     Conor P. Flynn, Esq.<br>    Nevada Bar No. 11569<br>    Michelle D. Alarie, Esq.<br>    Nevada Bar No. 11894<br>    3770 Howard Hughes Pkwy., Suite 200<br>    Las Vegas, NV 89169 |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATE: June 4, 2015

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ROSALIND SEARCY,<br><br>   Plaintiff,<br><br>vs.<br><br>ESURANCE INSURANCE COMPANY, and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>   Defendants. | Case No.: 2:15-cv-00047-APG-NJK |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

  This undersigned represents that he/she, along with his or her support personnel, as applicable: (a) has received a copy of the Court's Confidentiality and Protective Order ("Protective Order") in the above-captioned case; (b) has read the Protective Order and understands its provisions; (c) agrees to be bound by the terms of the Protective Order; and (d) agrees to be subject to the jurisdiction of the United States District Court for the District of Nevada for the purposes of any proceedings related to the enforcement of the Protective Order.

Date:

                _____
                Signature