# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROSALIND SEARCY,<br><br>           Plaintiff(s),<br><br>v.<br><br>ESURANCE INSURANCE COMPANY,<br><br>           Defendant(s). | Case No. 2:15-cv-00047-APG-NJK<br><br>**ORDER**<br><br>(Docket Nos. 29, 45) |

On August 17, 2015, Defendant filed a motion for protective order. Docket No. 29. Plaintiff filed a response, and Defendant filed a reply. Docket Nos. 30, 35. Following the order by United States District Judge Andrew P. Gordon granting Defendant's motion to dismiss, the undersigned denied the motion for protective order without prejudice to its later reactivation by the parties. Docket No. 41. Now pending before the Court is a stipulation requesting a determination on the motion for protective order. Docket No. 45.

The stipulation at Docket No. 45 is hereby **GRANTED**. For the reasons discussed more fully below, Defendant's motion for protective order is hereby **GRANTED** in part and **DENIED** in part.

**I.     OVERVIEW OF ALLEGATIONS IN THE AMENDED COMPLAINT**

On August 2, 2012, Plaintiff was injured in a car accident. At that time, she was insured by Defendant with a policy that included coverage for up to $50,000 for underinsured motorist claims. Plaintiff filed such a claim with Defendant, and alleges that Defendant's resulting conduct gives rise to causes of action for breach of the covenant of good faith and fair dealing, as well as Nevada's unfair claims practices law. *See* Docket No. 43.

## II.     ANALYSIS

The pending motion for protective order challenges six of the seven topics served by Plaintiff for the designation by Defendant of a deponent pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.[1] The Court will address each topic in turn below.

### Topic A

This topic relates to various financial information of Defendant and information concerning its business in Nevada in particular. Defendant argues that such information is not discoverable based solely on a claim for punitive damages and that Plaintiff has not set forth sufficient factual allegations to support a punitive damages claim. *See* Docket No. 29 at 5-6. Plaintiff argues that such information is discoverable in relation to her claim for punitive damages. *See* Docket No. 30 at 5-6.

"A defendant's financial condition is relevant to the pursuit of punitive damages." *Allstate Ins. Co. v. Nassiri*, 2011 WL 318101, *3 (D. Nev. Jan. 21, 2011) (quoting *United States v. Autumn Ridge Condominium Assoc.*, 265 F.R.D. 323, 327 (N.D. Ind. 2009)). "The Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged." *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009). The majority approach is that a plaintiff is not required to make a *prima facie* showing of merit on its punitive damages claim before permitting discovery of a defendant's net worth. *Momot v. Mastro*, 2011 WL 1833349, *3 (D. Nev. May 13, 2011). The operative complaint requests punitive damages, *see* Am. Compl. (Docket No. 43) at ¶ 95, so the majority approach is satisfied. *Id.*[2]

While information regarding Defendant's financial condition is discoverable, the Court is also mindful of Defendant's concerns in preparing a Rule 30(b)(6) deponent on such a broad topic. *See* Docket No. 29 at 6; *see also Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 539-40

---

[1] All references herein to the Federal Rules of Civil Procedure refer to the version of the rules that became effective on December 1, 2015.

[2] Defendant asserts that Plaintiff fails to allege a sufficient basis for punitive damages as required under the minority approach. Docket No. 29 at 6. The minority approach "is that a plaintiff must first allege specific facts to support its claim for punitive damages." *Momot*, 2011 WL 1833349, at *3 (citing *Hetter v. Eighth Judicial Dist. Court*, 874 P.2d 762, 766 (Nev. 1994)). Even were the Court to apply the minority approach, that standard would be met in this case. *See, e.g.*, Am. Compl. at ¶¶ 52, 56-57, 91, 95.

(D. Nev. 2008) (outlining requirements for preparing witness to testify as a Rule 30(b)(6) deponent). The Court must ensure that the request for discovery is proportional to the needs of the case, and that the burden of the providing discovery is not outweighed by its likely benefit. Fed. R. Civ. P. 26(b)(1). The Court also has discretion to prescribe a discovery method other than the one selected by the party seeking discovery as a means of ameliorating concerns such as an undue burden. *See* Fed. R. Civ. P. 26(c)(1)(C). With respect to Defendant's financial condition, it is not clear why Plaintiff could not obtain sufficient discovery through less burdensome means, including a targeted request for production limited to information for a few years.[3] Based on the current briefing, however, the Court will not make a final determination as to that issue. Instead, the Court finds that Defendant's financial status is generally discoverable and orders the parties to meet and confer on the most appropriate method for Plaintiff to obtain sufficient information as to Defendant's financials.

Accordingly, as to this topic, the motion for protective order is **GRANTED** in part and **DENIED** in part.

**Topic C**

This topic relates to Defendant's compliance with its legal and ethical obligations, and also mentions the relationship between compliance and claims handling incentives. The parties appear to be in agreement that Rule 30(b)(6) deposition testimony is permissible as to Defendant's policies and procedures to ensure compliance with applicable legal and ethical obligations. *See* Docket No. 29 at 7. Nonetheless, it appears that Plaintiff's counsel refuses to redraft this topic to make clear that the testimony sought will be so limited. *See id.* Plaintiff's response argues in general that it is entitled to discovery on the adoption and implementation of proper claims methods. *See* Docket No. 30 at 7.

As to this topic, the Court **GRANTS** the motion for protective order in part. In particular, Defendant shall provide a Rule 30(b)(6) deponent regarding its "policies and procedures for ensuring compliance with applicable legal and ethical obligations in Nevada." The deponent shall also be

---

[3] Other courts have generally limited the relevant period to two years. *See, e.g.*, *Chudacoff v. Univ. Med. Ctr.*, 2013 WL 438112, *3 (D. Nev. Feb. 1, 2013).

prepared to testify on "any impact compliance or non-compliance has on incentives provided to employees."

**Topic D**

This topic seeks testimony on "[h]ow claims handling and supervision interface with the Human Resource Department." Defendant objects that the topic is vague, overly broad, and irrelevant. Docket No. 29 at 7-8. Plaintiff argues that the testimony sought is limited to how the human resources department developed a system to record goal setting, measurement, and recognition for employees. Docket No. 30 at 8. As discussed more fully below, the Court will require testimony as to the goals, achievements, and incentives for particular employees. No showing has been made, however, as to how this topic concerning the system in place for recording such information is relevant at this time. The Court finds that it is not.

Accordingly, as to this topic, the motion for protective order is **GRANTED**.

**Topic E**

This topic seeks testimony on the "[s]alary administration and goal setting for adjusters, supervisors and customer service representatives who handled Plaintiff's claim." Defendant argues that this topic is vague, overly broad, and not relevant. *See* Docket No. 29 at 8. Plaintiff argues that the topic relates to personnel files measuring goals and achievements. *See* Docket No. 30 at 8.

A primary basis for Plaintiff's claims is that Defendant put its interests ahead of Plaintiff's interests. *Cf. Allstate Ins. Co. v. Miller*, 212 P.3d 318, 326 (Nev. 2009) ("at a minimum, an insurer must equally consider the insured's interests and its own"). It is relevant to Plaintiff's case whether Defendant's employees who were involved in the processing of her claim were influenced to handle claims in a manner contrary to Defendant's duties to Plaintiff. As such, Plaintiff may inquire as to the particular employees' "goals, achievements, and incentives, as evidenced by Defendant's policies and those employees' personnel files." The Court agrees with Defendant that the topic as written is vague and confusing, and will therefore limit it in accordance with the preceding sentence.

Accordingly, as to this topic, the motion for protective order is **GRANTED** in part and **DENIED** in part.

**Topic F**

This deposition topic seeks testimony regarding the handling of Plaintiff's claim, including handling decisions, offers and payments to Plaintiff. Defendant objects that requiring Rule 30(b)(6) deposition testimony on this issue is unduly burdensome because the information may be obtained through the depositions of the associates who handled Plaintiff's claim. *See* Docket No. 29 at 8-9. The Court disagrees. A Rule 30(b)(6) deponent must provide a corporation's "interpretation of events and documents." *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012); *see also F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, *5 (D. Nev. Aug. 1, 2013). "If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination." *Louisana Pacific*, 285 F.R.D. at 486. "Accordingly, and with good reason, courts have rejected the argument that a Rule 30(b)(6) deposition is unnecessary or cumulative simply because individual deponents—usually former or current employees of the entity whose Rule 30(b)(6) deposition is sought—have already testified about the topics noticed in the Rule 30(b)(6) deposition notice." *Id.* at 487.

Accordingly, as to this topic, the motion for protective order is **DENIED**.

**Topic G**

This deposition topic seeks testimony regarding "[t]he relationship of Defendant to Allstate Insurance Company in terms of ownership, origins, sponsorship, claims handling, salary administration, goal setting, and [Topics] A - F." Defendant argues that its relationship with Allstate has no bearing on this case, and is irrelevant. *See* Docket No. 29 at 9. Plaintiff's response is essentially non-responsive, arguing that the relevance of the topic "will be determined when testimony has been taken" and that

"[t]he potential relevancy cannot be denied." Docket No. 30 at 9.[4] The Court agrees with Defendant that this topic is not relevant.

Accordingly, as to this topic, the motion for protective order is **GRANTED**.

## IV. CONCLUSION

For the reasons discussed more fully above, the motion for protective order is **GRANTED** in part and **DENIED** in part. The Court finds that neither party is entitled to attorneys' fees with respect to this dispute. *Cf.* Fed. R. Civ. P. 37(a)(5)(C) (addressing award of expenses for motions for protective orders that are granted in part and denied in part).

IT IS SO ORDERED.

DATED: December 16, 2015

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Plaintiff also asserts that she is entitled to know if Defendant adopted Allstate's claims handling policies. *See* Docket No. 30 at 9. Defendant's claims handling policies are the subject of other deposition topics, and are discoverable as discussed above. The Court fails to discern–and Plaintiff has not explained–why the origin of such policies is relevant. Based on the arguments presented, the Court finds that it is not.