# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROSALIND SEARCY,

          Plaintiff(s),

vs.

ESURANCE INSURANCE COMPANY,

          Defendant(s).

Case No. 2:15-cv-00047-APG-NJK

ORDER

(Docket No. 66)

Pending before the Court is Plaintiff's motion for case-dispositive sanctions, filed on an emergency basis. Docket No. 66.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ___, 2015 WL 6123192, *2 (D. Nev. Oct. 16, 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship.

*Cardoza*, 2015 WL 6123192, at *2-3. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances.[1]

Emergency motions must as a threshold matter meet several technical requirements outlined in the local rules. First, the face of the motion itself must be entitled an "Emergency Motion" so the Court has prompt notice that expedited relief is being requested. Local Rule 7-4(a). Second, the emergency motion must be accompanied by an affidavit providing several key facts necessary for the Court to determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most efficient resolution. *Id.* This affidavit must include a detailed description of the nature of the emergency. *See id.* The affidavit must also provide the contact information (telephone number and office addresses) of the movant and all other affected parties. *See id.* The affidavit must also provide a certification that, despite personal consultation and sincere effort to do so, the movant was unable to resolve the matter without court action. *See, e.g.*, Local Rule 7-5(d)(3). If the circumstances are such that personal consultation is truly not possible, the movant must provide a detailed explanation why that is the case so the Court can evaluate whether to exercise its discretion to decide the motion despite the lack of a proper pre-filing conference. *See id.* Similarly, if no notice whatsoever was provided to the opposing party regarding the filing of the motion, the affidavit must include a detailed explanation of why it was not practicable to provide that notice. *See id.*

If these technical requirements are met, the Court will turn to the substantive requirements for filing an emergency motion. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-5(d)(3). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 2015 WL 6123192, at *4 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable

---

[1] The Court's newly amended local rules became effective on May 1, 2016. Nonetheless, the pending motion was filed on April 29, 2016, so the citations herein will be to the previous version of the local rules.

prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 2015 WL 6123192, at *4. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "it is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 2015 WL 6123192, at *4 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193.

The pending motion has failed to comply with several of the requirements outlined above. Most significantly, the motion fails to explain why the Court needs to order expedited briefing and provide expedited resolution of this potentially case-dispositive motion. The Court declines to do so. Accordingly, this motion shall be briefed according to the default briefing schedule provided by the local rules, and the motion will be resolved by the Court in the ordinary course.

IT IS SO ORDERED.

DATED: May 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge