UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROSALIND SEARCY, | Case No. 2:15-cv-00047-APG-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| ESURANCE INSURANCE COMPANY, | (Docket Nos. 66, 78) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for discovery sanctions, including case dispositive sanctions. Docket No. 66.[1] Defendant filed a response, and Plaintiff filed a reply. Docket Nos. 68, 77. Also pending before the Court is Defendant's motion to exclude expert testimony of Gary Fye. Docket No. 78. Plaintiff filed a response, and Defendant filed a reply. Docket Nos. 82, 84. The motions are properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the pending motions are both **DENIED**.

**I.    BACKGROUND**

Defendant has represented that its relationship to Allstate is irrelevant to this matter and that the underlying claims dispute was handled pursuant to Defendant's policies, rather than Allstate's policies. *See* Docket No. 66 at 5-8. Plaintiff contends that her counsel received a "smoking gun" that contradicts

---

[1] The motion was filed as an "emergency." *See* Docket No. 66. The Court previously denied the request that the motion be briefed and decided on an expedited basis. *See* Docket No. 67.

these positions. Plaintiff identifies that document as a Suit Assignment of Counsel that was produced on February 11, 2016. *See, e.g.*, *id.* at 8. Plaintiff asserts that Defendant's positions are undermined by the inclusion on that document of the code "SX" and reference in boilerplate to an "Allstate Claim Policy." *See id.*

Discovery in this case closed on April 4, 2016. *See* Docket No. 57 at 6. Subsequent to Plaintiff's counsel's receipt of the suit assignment document, he conducted numerous depositions of Defendant's employees and Rule 30(b)(6) witnesses, as well as of the attorney from whose file the suit assignment document was obtained. *See, e.g.*, Docket No. 68 at 5-6. Plaintiff's counsel failed to question any of these deponents regarding that document or his interpretation thereof. *See id.* It appears that shortcoming stems from Plaintiff's counsel's lack of understanding of the significance of the suit assignment document and the coding on it. Docket No. 82 at 8. Instead, it appears Plaintiff's counsel disclosed the suit assignment document to Plaintiff's expert (Gary Fye) on the eve of the close of discovery in preparation for his deposition, and that Mr. Fye interprets that document as contradicting Defendant's positions asserted in this litigation. *See, e.g.*, Docket Nos. 66-4, 68-8.

Mr. Fye served an expert report in this case on June 5, 2015. *See* Docket No. 57 at 3. Mr. Fye's opinions with respect to the suit assignment document were not reduced to writing by the expert disclosure deadline or discovery cutoff. Instead, at his deposition on the last day of discovery, Mr. Fye testified as to those opinions, among others. *See, e.g.*, Docket No. 78 at 9. Mr. Fye subsequently filed a declaration with related opinions that he submitted in support of Plaintiff's motion for sanctions, less than a month after the discovery cutoff. *See* Docket No. 66-4 (filed April 29, 2016).

## II.     PLAINTIFF'S MOTION

Plaintiff's motion seeks case-dispositive sanctions premised on numerous legal bases, including Rules 11 and 37 of the Federal Rules of Civil Procedure, the Court's inherent authority, and the federal criminal perjury statute. *See, e.g.,* Docket No. 66 at 14, 18. Plaintiff fails to clearly articulate the standards applicable to the imposition of sanctions under each provision. Nonetheless, it is clear that the imposition of case-dispositive sanctions requires a finding of misconduct and some level of bad faith, willfulness, or fault. *See, e.g.*, *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). Such showings were not made. Defendant produced the suit assignment document following the filing

of the amended complaint and Defendant's decision to invoke an advice of counsel defense. *See, e.g.*, Docket No. 68 at 4-5. Moreover, the positions taken by Defendant in briefing and in discovery are its good faith interpretation of the facts. *See, e.g.*, *id*. at 7-9, 13-19. Plaintiff's motion fails to demonstrate improper conduct by Defendant, let alone any bad faith or willful misconduct.[2]

### III. DEFENDANT'S MOTION

Defendant's motion seeks to exclude the opinions of Mr. Fye that were not disclosed through a written opinion prior to the close of discovery. *See* Docket No. 78. Plaintiff argues that, *inter alia*, the declaration filed by Mr. Fye on April 29, 2016, served as a timely supplemental expert report based on the suit assignment document that was disclosed on February 11, 2016. *See, e.g.*, Docket No. 82 at 9. Generally speaking, supplementation of an expert report is proper when it is based on new information obtained after the expert deadline and the supplemental report was served before the time for pretrial disclosures. *Colony Ins. Co. v. Colo. Cas. Ins.*, 2014 U.S. Dist. Lexis 72616, *4 (D. Nev. May 28, 2014) (collecting cases). At the same, courts require the supplementation to be made "at appropriate intervals" to ensure parties do not abuse the liberal timing policies to sandbag their opponents. *Id.* at *4 n.4.

While the Court agrees with Defendant that it would have been preferable for Plaintiff to provide Dr. Fye's written supplement sooner, the fact remains that the supplement is based on documentation that was not provided to Plaintiff until February 2016 and that the supplement was served before the outer limit of the pretrial disclosure deadline. Moreover, the Court does not find that the timing of the supplement was in bad faith or an attempt to "sandbag" Defendant. In the interest of fairness, however, the Court finds that Defendant may respond to the declaration at Docket No. 66-4 with a rebuttal report within 30 days of this order.

---

[2] Plaintiff alternatively asks the Court to reopen discovery. Docket No. 66 at 15, 21. The motion was filed nearly a month after the discovery cutoff, so it must be supported by a showing of both good cause and excusable neglect. *See, e.g.*, Local Rule 26-4. The showing of good cause focuses on the movant's diligence, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), which is lacking in this case. The lack of diligence is dispositive of the request to reopen discovery. *See id.* ("If that party was not diligent, the inquiry should end"). The alternative request to reopen discovery is therefore denied, and the Court need not address excusable neglect.

The Court also denies the requests for alternative sanctions. *See* Docket No. 66 at 19-20.

## IV. NOTICE TO COUNSEL

The Court feels compelled to express its great displeasure with the tenor of the parties' briefing. The Court is especially concerned with the startling ease with which Plaintiff's counsel accuses opposing counsel and deponents of unethical and even felonious misconduct. *See, e.g.*, Docket No. 66 at 19 (arguing that the opposing party's conduct constitutes perjury punishable by up to five years' imprisonment). The Court takes allegations of misconduct very seriously, but it also expects the attorney lobbing those allegations–an officer of the Court–to support them with a significant evidentiary showing. *See, e.g., Taddeo v. American Invsco Corp.*, 2015 WL 751072, *1 (D. Nev. Feb. 20, 2015). Plaintiff's motion for sanctions is heavy on bombast and vitriol, and very light on even tangential evidentiary support. Although less extreme, Defendant's counsel hurl their own insults, engaging in *ad hominem* attacks that Plaintiff's counsel is dishonest, incompetent, and unethical. *See, e.g.*, Docket No. 68 at 11 (quipping that "such disorganization and lack of diligence may be familiar to Plaintiff's counsel" and charging him with intentional deceit of the Court).

The Court is not impressed by briefing filled with personal attacks. The Federal Rules of Civil Procedure were amended to highlight the need for attorneys to work cooperatively and to employ common sense practicality so that cases can be resolved fairly and expeditiously. *See, e.g.*, Fed. R. Civ. P. 1, 26(b). These amendments are an attempt to lessen the scorched earth tactics that plague modern civil litigation. *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016). Counsel's behavior is emblematic of the very legal culture that the federal courts are striving to change. The Court expects better from counsel moving forward.

## V. CONCLUSION

For the reasons discussed above, the pending motions are both hereby **DENIED**.

IT IS SO ORDERED.

DATED: August 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge