UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSALIND SEARCY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ESURANCE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 2:15-cv-00047-APG-NJK<br><br>**ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFS** |

Plaintiff Rosalind Searcy brought this lawsuit for extra-contractual damages against her insurer, defendant Esurance Insurance Company, alleging Esurance refused to pay her policy limits in bad faith and engaged in unfair claims practices. Esurance moves for summary judgment, arguing (among other things) that Searcy's extra-contractual claims are barred by claim preclusion because Searcy could and should have included those claims in her prior breach of contract action against Esurance. Esurance relies on *Sosebee v. State Farm Mutual Automobile Insurance Company*, 164 F.3d 1215 (9th Cir. 1999), to argue Searcy's claims are barred. Searcy responds that she properly waited until she established her entitlement to contractual benefits in the first litigation before bringing extra-contractual claims in this second lawsuit. Searcy also argues *Sosebee* is distinguishable.

I "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (quotation omitted). I therefore look to Nevada's rules of preclusion to determine whether Searcy's prior lawsuit bars the claims in this case. *Id.* Under Nevada law, claim preclusion applies where: (1) "the final judgment is valid," (2) "the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit . . ." and (3) "the subsequent action is based on the same claims or any part of them that were or could

have been brought in the first case." *Weddell v. Sharp*, 350 P.3d 80, 85 (Nev. 2015) (en banc) (quotations and emphasis omitted).

Here, there is no dispute that the final judgment in the prior lawsuit is valid. The parties stipulated to dismiss that case with prejudice following the arbitrator's award. There also is no question the parties are the same in the two actions. Searcy sued Esurance in both cases.

The parties dispute whether Searcy's new claims are based on the same claims that were or could have been brought in the first case. However, in their briefs, neither party addressed *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201 (D. Nev. 2009). In that case, this court predicted that the Supreme Court of Nevada would adopt the majority rule that "claim preclusion extends to claims in existence at the time of the filing of the original complaint in the first lawsuit and any additional claims actually asserted by supplemental pleading." *Carstarphen*, 594 F. Supp. 2d at 1209-10; *see also Round Hill Gen. Improvement Dist. v. B-Neva, Inc.*, 606 P.2d 176, 178 (Nev. 1980) (holding that a delinquent assessment claim in the second action was not identical, and thus not precluded, when the evidence supporting the second claim related to a different time period than evidence supporting the first claim). *Carstarphen* also identified exceptions to the majority rule: (1) where the "second claim depends on the allegation that a series of wrongful acts constituted a single scheme, rather than merely later actions of the same type;" (2) the first action "incorporated a settlement intended to govern future, related transactions between the parties;" (3) the first action "resolved claims for declaratory or injunctive relief dealing with conduct persisting through trial or into the future;" or (4) the first action established "the legality of the continuing conduct into the future." 594 F. Supp. 2d at 1210-11 (quotations omitted).

Because neither party addresses *Carstarphen* in their papers, I direct them to file supplemental briefs addressing the case. The parties also must address *Sosebee* in relation to *Carstarphen*.

/ / / /

/ / / /

IT IS THEREFORE ORDERED that on or before March 6, 2017, the parties shall file supplemental briefs addressing *Carstarphen* and *Sosebee*. The briefs shall not exceed seven pages. No response briefs shall be filed.

DATED this 23rd day of February, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE