UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROSALIND SEARCY,

Plaintiff,

v.

ESURANCE INSURANCE COMPANY,

Defendant.

Case No. 2:15-cv-00047-APG-NJK

**ORDER REJECTING PROPOSED JOINT PRETRIAL ORDER**

(ECF No. 96)

The parties' proposed Joint Pretrial Order (ECF No. 96) does not comply with Local Rule 16-4. For example, Local Rule 16-4(b)(8) requires the parties to list "all exhibits that will be offered in evidence by the parties at the trial. The lists or schedules must describe the exhibits sufficiently for ready identification . . . ." In the proposed pretrial order, the plaintiff lists several thousands of pages of documents, usually in large blocks of pages that do not identify the specific document that will be offered. *See*, *e.g.*, ECF No. 96 at 18:21 (listing over 3300 pages as "DEFT'S 1ST SUPPLEMENT TO INITIAL DISCLOSURES BATES ESUR001-ESUR3317"). Not only does this fail to "describe the exhibits sufficiently for ready identification," it is difficult to believe that the plaintiff intends to offer at trial all 3300 pages, in addition to the many thousands of other pages the plaintiff lists in the pretrial order. This problem infects nearly the entirety of the plaintiff's exhibit list. The defendant's exhibit list is similarly defective (*see*, *e.g.*, *Id*. at 24:25 (listing 691 pages as "Deposition Notebook from Bryce Buckwalter, Esq. (BUCKWALTER- 01009-01700)")), albeit not to the same magnitude. Such vague, broad, block designations also make it impossible for the other party to properly object to the proposed exhibits as required by the local rule.

Similarly, both parties list several deposition transcripts they intend to "lodge," without "designating the portions of the deposition to be offered" as required by Local Rule 16-4(b)(10). Again, this makes it impossible for the other party to properly object as required by Local Rule

16-4(b)(11).  Parties cannot "reserve the right to object to all or part of the depositions at trial," as they attempt to do here.

It appears the parties' respective counsel simply listed all possible documents and witnesses in the pretrial order, with the intent to later go back and decide what to use at trial.  But Local Rules 16-3 and 16-4 require parties to do more.  Those rules are designed to streamline trial preparation and presentation, and to foster settlement.  The parties are to actually think about their trial strategy and decide how they intend to present their case before they "personally discuss settlement and prepare and file a proposed joint pretrial order." LR 16-3(b).  The proposed pretrial order in this case suggests that the parties have not done that.

IT IS ORDERED that the parties' Joint Pretrial Order (**ECF No. 96) is REJECTED.**  The parties shall thoroughly think about their respective cases and trial strategies and confer as discussed above.  After that, the parties shall submit a proposed joint pretrial order that complies with Local Rules 16-3 and 16-4 by June 23, 2017.

DATED this 23rd day of May, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE