UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROSALIND SEARCY,<br><br>Plaintiff,<br><br>v.<br><br>ESURANCE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:15-cv-00047-APG-NJK<br><br>**ORDER PRECLUDING ADMISSIBILITY OF "SFXOL DOCUMENTS" AND TESTIMONY**<br><br>(ECF Nos. 104, 110) |

Plaintiff Rosalind Searcy moves in limine for permission to offer at trial documentary evidence and expert testimony about defendant Esurance's alleged use of "SFXOL Segmentation." ECF No. 104. Esurance moves in limine to preclude all such evidence. ECF No. 110.

Searcy alleges that SFXOL Segmentation is a claims-handling technique utilized by Allstate Insurance Company. ECF No. 104 at 4. The parties agree that Esurance is owned by Allstate. *Id.*; ECF No. 110 at 2. However, Esurance states that it is a "wholly separate insurance company" from Allstate and did not use any of Allstate's claims-handling guidelines in evaluating or litigating Searcy's claims. ECF No. 110 at 2, 4.

Searcy asserts that she "has evidence the SX segment . . . was in fact used in her case" and that "[t]he existence of the SFXOL program is patent in a number of documents." ECF No.104 at 10. Yet she offers nothing to support these allegations. To the contrary, she admits that the relevant Esurance representatives testified to having no knowledge of the SX segmentation or designation. *Id.* And Esurance's witnesses repeatedly denied using the SX and SFXOL segmentation techniques and any Allstate claims handling guidelines. Searcy has failed to demonstrate that Allstate's segmentation practices were used in handling her claim. Absent a

connection to this case, evidence of Allstate's claims-handling programs is irrelevant. Thus, all such evidence and testimony must be excluded.[1]

IT IS THEREFORE ORDERED that Searcy's motion **(ECF No. 104) is DENIED** and Esurance's motion **(ECF No. 110) is GRANTED**. No party, witness, or counsel shall make any reference at trial to the SX abbreviation and the SFXOL program, Allstate's claims handling practices, or any allegation that Allstate had any involvement in the evaluation, handling, or litigation of Searcy's claim.

DATED this 14th day of November, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The documents and testimony also would be excluded under Federal Rule of Evidence 403. What little, if any, probative value this evidence may have is substantially outweighed by the prejudicial effects of suggesting to the jury that Esurance used another company's practices to deny Searcy's claims, without any evidence to that effect.